**Barjinder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–72772.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 22, 2004.

R.App. P. 34(a)(2).

Petition granted in part, denied in part, and remanded.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Barjinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review in part, deny it in part, and remand for further proceedings.

Reviewing the BIA's determination that Singh did not suffer past persecution for substantial evidence, see Lata v. INS, 204 F.3d 1241, 1244–45 (9th Cir.2000), we conclude that the record compels the opposite conclusion. "[W]e have consistently found persecution where, as here, the petitioner was physically harmed...." Duarte de Guinac v. INS, 179 F.3d 1156, 1161 (9th Cir.1999). Singh was assaulted and injured twice, once seriously, and required medical attention. He was also subjected to death threats. These incidents cumulatively constitute "a sufficient showing of persecution." See Chand v. INS, 222 F.3d 1066, 1076 (9th Cir.2000). The BIA erred in relying on case law concerning threats that are unaccompanied by other violence. See Ruano v. Ashcroft, 301 F.3d 1155, 1160 (9th Cir.2002) (noting that threats in the absence of close confrontation or other harm generally do not constitute past persecution); see generally Khup v. Ashcroft, 376 F.3d 898, 903 (9th Cir.2004) ("Although persecution is most often associated with a petitioner having suffered severe physical mistreatment, such as beatings or torture, threats can in some instances constitute persecution."). Here, the threats against Singh were components of broader

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

circumstances that included confrontation and physical harm.

The BIA's alternative holding that, assuming past persecution, Singh "failed to demonstrate that he could not relocate within India" is based on the application of an incorrect legal standard. The Board concluded that: "As [Singh's] claims do not involve governmental authorities, the respondent is not entitled to the presumption of a well-founded fear even if he had shown past persecution." In fact, 8 C.F.R. § 1208.13(b)(3)(ii) provides: "In cases in which the persecutor is a government or is government-sponsored, *or the applicant has established persecution in the past*, it shall be presumed that internal relocation would not be reasonable, unless the Service establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." (emphasis added). *See also Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir.2003). The burden should therefore have been placed on the government to rebut Singh's presumed inability reasonably to relocate. We remand the proceedings for reconsideration of the well-founded fear presumption that applies to Singh's asylum and withholding of removal claims. *See Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir.1998).

We find no merit in Singh's contention that he is eligible to adjust status. As an arriving alien who was paroled into the United States, Singh does not meet the admission or entry without inspection requirements of 8 U.S.C. § 1255. *See* 8 U.S.C. § 1182(d)(5)(A) (1991) ("[P]arole ... shall not be regarded as an admission of the alien."); 8 C.F.R. § 1.1(q) ("An arriving alien remains such even if paroled

pursuant to section 212(d)(5) of the Act....").

Singh is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c); *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003).

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**